## McGOWAN *et al. v.* THE STATE.

An indictment charging one with obstructing and encroaching upon a registered road is not supported by evidence which shows that the road was laid out by a district road commissioner and two citizens of the district who acted with him, there being no proof whatever that the road was "registered" as contemplated and provided by law (Political Code, § 516 et seq.) ; and a conviction under such state of facts is unwarranted by the evidence.

Argued November 20,—Decided December 21, 1905.

Indictment for obstructing road. Before Judge Fite. Catoosa superior court. September 18, 1905.

*Payne & Payne,* for plaintiffs in error.

*Sam. P. Maddox, solicitor-general,* and *W. E. Mann,* contra.

BECK, J. Alice McGowan and Grace M. Cooke were found guilty of the offense of obstructing a registered road. Under an agreed statement of facts it appears that the road which was obstructed was regularly laid out by a legally commissioned road commissioner and two citizens who lived in the district, who were appointed and acted with the district road commissioner. Publication was made giving notice that the road would be established, and the following order was passed by the board: "And considering the foregoing report, the board ordered that publication be made; and publication having been made as the law provides, and no objection having been filed, the board now order that said new road be established." It was admitted "that all necessary publication had been made; that [two of the citizens who served on the board] were not district road commissioners at any time, but Deckert [one of the board] was; that the road was obstructed by defendants as charged in the presentment, and that the district road commissioner gave the necessary notice to defendants to remove the obstructions from the road, which defendants refused to do." After their conviction the defendants made a motion for a new trial, upon the general grounds; to the overruling of which they excepted.

The indictment in this case was based upon the Penal Code, §§ 534, 536. It is obvious that the expressions, "a public road that has been registered as required by law," in section 534, and "road registered as aforesaid," and "registered public road," in section 535, have reference to the public roads which have been entered upon the book known as the "public-road register," which, under the law, the county commissioners, and the ordinaries where there are no county commissioners, are required to prepare and keep in their offices, and in which a list of all public roads is required to be entered. And in the case under consideration, there being no evidence whatever that the road described in the indictment and alleged to have been a "registered road" had been entered upon the "public-road register," the verdict was without evidence to support it, and the court below erred in not granting a new trial.

*Judgment reversed. All the Justices concur.*